UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>NICKY LYN dba GlamingDecorEtc, an unknown business entity, and JOHN DOES 1-10, unknown persons,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER TO SUPPLEMENT PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATE MEANS UNDER RULE 4(f)(3) (DOC. NO. 5)**<br><br>Case No. 2:22-cv-00200<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff DP Creations, LLC dba Bountiful Baby ("Bountiful Baby") has filed a Motion for Leave to Serve Defendants by alternate means, ("Mot.," Doc. No. 5). Bountiful Baby alleges Nicky Lyn d/b/a/ Glamming DecorEtc. ("GDE") makes and sells unauthorized copies of its copyrighted sculptures on Etsy, an online marketplace. (*Id.* at 2, 4.) Bountiful Baby seeks leave to serve GDE, believed to be a foreign unknown business entity, by email.

LEGAL STANDARD

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name." Fed. R. Civ. P. 4(h)(2). It directs that such entities may be served outside the United States in the manner prescribed by Rule 4(f), governing service of an individual located outside the United States. *Id*. Rule 4(f) rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

1

(2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

## DISCUSSION

Bountiful Baby seeks to serve GDE under the third subsection of Rule 4(f): "by other means not prohibited by international agreement, as the court orders." (Mot. 4–5, Doc. No. 5.) Specifically, Bountiful Baby seeks to serve GDE by email. (*Id.*) But additional information is needed before service by email can be authorized.

First, Bountiful Baby provided no legal authority supporting the premise that someone "doing business as" is subject to the rules governing service on a corporation, partnership, or association—or the rules governing service on an individual. *See* Fed. R. Civ. P. 4(h). Second, Bountiful Baby does not allege where GDE is located. Bountiful Baby implies GDE is located in China.[1] (Mot. 6–8, Doc. No. 5.) But Bountiful Baby does not specifically represent this in the motion or include any factual support. And Bountiful Baby has not indicated whether Nicky Lyn herself is located outside the United States (to the extent a person "doing business as" is subject to the rules governing service on an individual). Absent this information, it is impossible to determine whether service by email is prohibited by international agreement.

Third, Bountiful Baby seeks to serve GDE through "the email addresses at Defendants' website." (Mot. 4, Doc. No. 5.) The proposed order suggests an email address of xiaochenyyds2021@outlook.com. (*See* Proposed Order, Doc. No. 5-1.) But Bountiful Baby

---

[1] The phone number listed in Bountiful Baby's exhibit appears to be a United States number and area code. (*See* Ex. E to Compl., Doc. No. 2-5.)

does not indicate how it obtained this email address or whether it is valid and currently active. It is unclear whether the address is listed on GDE's website for communication with customers, or if it is simply the email address on file with Etsy. In other words, Bountiful Baby has provided no facts suggesting GDE is reasonably likely to receive communications at this email address. *See, e.g.*, *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754, 2012 U.S. Dist. LEXIS 5166, at *10 n.1 (D. Colo. Jan. 17, 2012) (unpublished) ("Many courts have also required that the plaintiff make some showing that it is reasonably likely that the defendant will actually receive email communications at the email address in question."). For these reasons, additional briefing and information is necessary.

## CONCLUSION

Bountiful Baby is ordered to supplement its motion, (Doc. No. 5), within twenty-one (21) days to address the issues outlined in this order. Failure to supplement may result in a denial of the motion.

DATED this 21st day of June, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge