UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NICKY LYN dba GlamingDecorEtc, an unknown business entity, and JOHN DOES 1-10, unknown persons,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATE MEANS UNDER RULE 4(f)(3) (DOC. NO. 5)**<br><br>Case No. 2:22-cv-00200<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff DP Creations, LLC d/b/a Bountiful Baby ("Bountiful Baby") filed a Motion for Leave to Serve Defendants by Alternate Means, ("Mot.," Doc. No. 5). At the court's request, (*see* Mem. Dec. and Order to Supp. Pl.'s Mot. for Service by Alt. Means under Rule 4(f)(3), Doc. No. 6), Bountiful Baby filed a supplemental brief supporting its motion for alternative service, ("Supp.," Doc. No. 7). Bountiful Baby alleges Nicky Lyn d/b/a/ Glamming DecorEtc. ("GDE") makes and sells unauthorized copies of its copyrighted sculptures on Etsy, an online marketplace. (Mot. 2, 4, Doc. No. 5.) Bountiful Baby seeks leave to serve GDE, which it believes to be a foreign unknown business entity or individual, by email, pursuant to the third subsection of Rule 4(f) of the Federal Rules of Civil Procedure: "by other means not prohibited by international agreement, as the court orders." (Mot. 4–5, Doc. No. 5; Supp. 1–3, Doc. No. 7.)

LEGAL STANDARDS

Rule 4(h)(2) of the Federal Rules of Civil Procedure governs service of a "foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name." Fed. R. Civ. P. 4(h)(2). It directs that such entities may be served outside the

1

United States in the manner prescribed by Rule 4(f), governing service of an individual located outside the United States. *Id.* Rule 4(f) rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Bountiful Baby seeks to serve Nicky Lyn "doing business as" Glamming DecorEtc. A d/b/a is not a separate legal entity distinct from the underlying individual or entity, it is merely descriptive of that individual or entity. *See Am. Fam. Mut. Ins. Co. v. Teamcorp., Inc.*, 659 F. Supp. 2d 1115, 1132 (D. Colo. 2009); *Morrison v. Clear Mgmt. Sols.*, No. 1:17-cv-51, 2019 U.S. Dist. LEXIS 3070, at *21 (D. Utah Jan. 4, 2019) (unpublished). Because the rules for serving foreign entities and individuals are largely the same, *see* Fed. R. Civ. P. 4(h)(2), the same rules apply whether Nicky Lyn is an individual or an entity.

## DISCUSSION

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is "prohibited" by international agreement, including the Hague Convention. *Compañía De*

2

*Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.  Bountiful Baby requests leave to complete service by email.  (Mot. 4–5, Doc. No. 5.)  The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3).[1]  *See The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10–11; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished).  Thus, the method of service requested by Bountiful Baby is not prohibited by international agreement under Rule 4(f)(3).

A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."  *The Neck Hammock, Inc.*, 2020 U.S. Dist. LEXIS 202808, at *12 (quoting *Rio Props.*, 284 F.3d at 1017); *see also Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754, 2012 U.S. Dist. LEXIS 5166, at *10 n.1 (D. Colo. Jan. 17, 2012) (unpublished) ("Many courts have also required that the plaintiff make some showing that it is reasonably likely that the defendant will actually receive email communications at the email address in question.").

---

[1] China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object."  20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/status table/notifications/?csid=393&disp=resdn (translation of China's declaration of opposition to Article 10).  Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but most have concluded it does not equate to an objection to email service.  *See The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *10 (D. Utah Oct. 29, 2020) (unpublished).

Based on the evidence presented in Bountiful Baby's motion and supplement, service by email to GDE is reasonably calculated to provide GDE with notice of this action and an opportunity to respond. Bountiful Baby presented evidence that GDE provided Etsy's legal department with an email address (xiaochenyyds2021@outlook.com) in response to Bountiful Baby's March 14, 2022 notice of alleged copyright infringement. (*See* Supp. 2–3, Doc. No. 7; Ex. E to Compl., Doc. No. 2-5.) Under the circumstances, service by email to the email address GDE provided to Etsy is reasonably calculated to provide GDE with actual notice of this action. Accordingly, service via the requested method comports with due process as required under Rule 4(f)(3).

Bountiful Baby's motion for alternate service is granted and it is ordered to serve Nicky Lyn d/b/a/ Glamming DecorEtc. as follows:

1. By emailing the summons, the operative complaint, and a copy of this order to Nicky Lyn d/b/a/ Glamming DecorEtc at xiaochenyyds2021@outlook.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Nicky Lyn d/b/a/ Glamming DecorEtc acknowledging receipt of service):

2. The subject line of each email shall include, "Service of Federal Court Summons and Complaint as Ordered by the Court;"

3. Upon completion of these steps, Bountiful Baby shall file proof of compliance with the court's order.

DATED this 26th day of July, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge