FILED
2022 DEC 20 PM 1:13
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC dba BOUNTIFUL BABY, a Utah limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>NICKY LYN dba GLAMINGDECOREETC, an unknown business entity, and JOHN DOES 1-10, unknown persons,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>Case No. 2:22-cv-00200-BSJ·<br><br>Senior District Judge Bruce S. Jenkins |

Before the court is Plaintiff DP Creations, LLC dba Bountiful Baby's ("Bountiful Baby" or "Plaintiff") Motion for Default Judgment and Permanent Injunction against Defendant Nicky Lyn dba GlamingDecorEtc ("Lyn" or "Defendant"). The Defendant has failed to appear or defend and default has been entered. Having reviewed the memoranda, pleadings, and supporting exhibits, the Court grants the motion and enters default judgment as follows.

## BACKGROUND

Plaintiff Bountiful Baby is a Utah limited liability company with a principal place of business at 2140 South 3600 West, West Valley City, Utah 84119. Bountiful Baby does business in the District of Utah, has numerous employees and customers in the District of Utah, and has suffered injury in the District of Utah. Defendant is a Chinese individual alleged to have made unlawful copies of works protected by copyrights owned by Bountiful Baby.

Bountiful Baby specializes in selling kits and supplies for the making of "reborn dolls,"

which are known for their realism and are almost indistinguishable from a real baby.  Bountiful Baby alleges in the Verified Complaint that the Defendant sells counterfeit Bountiful Baby products; accordingly, Plaintiff has sued Defendant for copyright infringement.

## DISCUSSION

### I.       Legal Standard

The federal rules provide for a two-step process for obtaining a default judgment. *Keith v. Koerner*, No. 11-cv-2281, 2016 WL 4541447, at *2 (D. Kan. Aug. 30, 2016).  First, the Clerk enters default against the defendant for failing to plead or otherwise defend. *Id.*  After default is entered, the defendant is deemed to have admitted the well-pleaded facts in the complaint. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  Thereafter, the Plaintiff must apply for default judgment.  Where Plaintiff seeks default judgment for something other than a sum certain, it must apply to the Court pursuant to Fed. R. Civ. P. 55(b)(2). *Keith*, 2016 WL 4541447, at *2. *See also* DUCivR 55-1(b)(2).  The Court must next consider whether there is sufficient basis for the requested judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).  In addition, the Court must assess "subject matter jurisdiction and personal jurisdiction before granting default judgment." *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1330 (D. Utah 2006).

### II.      Discussion

#### A.       Subject Matter Jurisdiction

The claims of the Verified Complaint are based on federal copyright laws, which vest subject matter jurisdiction in this Court. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Accordingly, the Court concludes that it has subject matter jurisdiction over this case.

**B.      Personal Jurisdiction**

The Court finds that the Defendant purposefully directed its activities at residents of this

jurisdiction and that the Plaintiff's alleged injuries "arise out of or relate to" those activities. *See*

*Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985); *see also Benton v. Cameco Corp.*, 375 F.3d

1070, 1075 (10th Cir. 2004).  The Defendant's alleged copying of Bountiful Baby's copyrighted

works was directed at Bountiful Baby in Utah and is alleged to have caused harm to Bountiful

Baby in Utah.  This pattern of activity directed at Utah, and its effect on Utahns, supports a finding

of personal jurisdiction. *See Edizone, LLC v. Asia Focus Int'l Grp., Inc.*, 196 F. Supp. 3d 1222

(D. Utah 2016).  Moreover, when the Defendant was confronted by the Plaintiff regarding its sale

of counterfeit goods in the United States, the Defendant allegedly submitted false counter-

notifications to maintain its counterfeit business, knowing that the harm was targeted toward Utah.

(V.Compl. ¶ 18, Exhibit D.)  Accordingly, the Court finds personal jurisdiction over the Defendant

because the Defendant purposefully directed their activities at residents of this jurisdiction; and

the Plaintiff's injuries "arise out of or relate to" those activities.

**C.      Default Judgment for Copyright Infringement**

The Complaint alleges infringement of Bountiful Baby's registered, copyrighted works.

To prove infringement under 17 U.S.C. § 106, two elements must be established: (1) ownership of

a valid copyright; and (2) unauthorized "copying" of protectable elements of a copyrighted work.

*E.g., Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996).  Both

elements are present where a Defendant made and distributed exact copies of a registered

copyrighted work.

Bountiful Baby owns Registration Nos. VA 2-281-282, VA 2-281-257, VA 2-281-255 (the

"Asserted Copyright"). *See* V.Compl. ¶ 11, Exs. A-C.  Accepting the allegations in the Complaint

as true, the Court finds that the Defendant made unlawful copies of the protected works through

product listings on Etsy at item number 1194568041:



https://www.etsy.com/listing/1194568041/

V.Compl. ¶ 12, Ex. D.  Accordingly, the Court finds that the Defendant violated 17 U.S.C. §§ 106

and 501 through its unauthorized copying of Bountiful Baby's sculptural works.

### D.    Damages for Copyright Infringement

"Default judgment . . . cannot be entered until the amount of damages has been ascertained." *Stampin' Up!, Inc. v. Hurst*, Case No. 2:16-cv-00886-CW, 2018 WL 2018066 at *6-7 (D. Utah May. 1, 2018) (*citing Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)). This ensures plaintiff receives damages "supported by actual proof." *See id.* "The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, a hearing is not required where damages "are capable of mathematical calculation." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (emphasis in original) (affirming default judgment without a hearing where the damages were capable of mathematical calculation.) Bountiful Baby seeks statutory damages for the Defendant's infringement.

The Copyright Act provides a range of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). However, where the copyright owner proves willfulness, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The amount of the statutory damages lies within the Court's sound discretion "as the court considers just." 17 U.S.C. § 504(c)(1). "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *E.g., Major Bob Music v. South Shore Sports Bar Grill*, Case No. 2:08-cv-689-DB, 2010 WL 2653330, *3 (D. Utah June 30, 2010) (*citing Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)).

Bountiful Baby argues that the Defendant's infringement was willful. An act of copyright infringement is "willful" when the infringer knows its conduct is infringing or if the infringer has

5

acted in reckless disregard of the copyright owner's rights. *E.g., Video Views, Inc. v. Studio 21 Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991). "In order to show that infringement was willful, the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement." *Nunes v. Rushton*, No. 2:14-cv-627, 2018 WL 2214593, at *1 (D. Utah May 14, 2018). As proof of willful infringement, Bountiful Baby submits a copy of the copyright counter-notice presented by the Defendant when accused of infringement. V.Compl. ¶ 18, Ex. E. Bountiful Baby argues that when confronted with its counterfeiting, the Defendant submitted false copyright Counter-Notifications to Etsy to maintain its infringing listings. *Id.*, Ex. E. The Court finds this is evidence of willfulness: when confronted with its bad acts, the Defendant brazenly (and wrongfully) made false statements. As Judge Parrish recently observed in a similar case involving a different Defendant:

> Defendants' behavior indicates that they willfully infringed Bountiful Baby's rights. First, Defendants used exact copies of the photographs and sculptures at issues—Defendants did not mistakenly copy Bountiful Baby's intellectual property. Rather, the evidence demonstrates that they misappropriated the images and sculpture design directly from Bountiful Baby's website with the intent to deceive customers into purchasing their products. Moreover, Defendants acted brazenly. When one counterfeit website was disabled, they opened a new counterfeit website to continue their infringing conduct. Accordingly, the court may award statutory damages up to $150,000 per work.

*See DP Creations, LLC v. Reborn Baby Mart*, Case No. 2:21-cv-574-JNP, at *14 (Order Dated August 3, 2022). The Court finds a similar fact pattern here and concludes the infringement was willful: the Defendant knew its conduct was infringing or acted with reckless disregard for Bountiful Baby's rights.

In determining statutory damages, the Court may consider several factors. *Klein-Becker*

6

*USA, LLC v. Englert*, No. 2:06-cv-378-TS, 2011 WL 147893, at *14 (D. Utah Jan. 18, 2011).

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyrights]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

*Id.* (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir.1986)); *see also* 6 PATRY ON COPYRIGHT § 22:174.

The first factor—*expenses saved and the profits reaped*—is inconclusive because the Defendant's actual sales and profits were not disclosed in the litigation and are unknown. However, Bountiful Baby does not license or sell its copyrights, and estimates that the Defendants have saved substantial amounts ("millions of dollars") in product development costs. Bountiful Baby further notes that the Defendants have wrongfully profited from its millions of dollars, and significant time, invested in perfecting its photography and three-dimensional infant modeling. That Bountiful Baby is unable to supply exact sales and profits its unsurprising, as the data is solely within the absent Defendant's control.

The remaining factors weigh heavily in favor of a substantial award of statutory damages. As discussed above, the infringement was willful. When confronted with their copyright infringement, the Defendant made false allegations that its counterfeit products were authorized. V.Compl., Ex. E. Moreover, the Defendant has not cooperated or appeared in this litigation.

Bountiful Baby invested years and millions of dollars in building its unique business. The Defendant deliberately used Bountiful Baby's hard-earned intellectual property to make a quick profit on the internet. And the Defendant did so without reservation. Accordingly, the Court finds that an award of $150,000 in statutory damages per work, for each of three works, is warranted in

7

this case to deter future infringing conduct.

### E.     Permanent Injunction

Bountiful Baby also seeks a permanent injunction preventing Defendants from any future

infringement.  To obtain a permanent injunction, the plaintiff must demonstrate:

> (1) actual success on the merits; (2) irreparable harm unless the injunction
> is issued; (3) the threatened injury outweighs the harm that the injunction
> may cause the opposing party; and (4) the injunction, if issued, will not
> adversely affect the public interest.

*Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009) (citation omitted). "A

copyright holder that establishes past infringement and a substantial likelihood of infringement in

the future is normally entitled to a permanent injunction against the infringer pursuant to § 502(a)."

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1555 (10th Cir. 1996).

Here, Bountiful Baby has demonstrated the Defendant's liability, thus establishing actual

success on the merits.  As to the second prong, "irreparable harm findings are based on such factors

as the difficulty in calculating the damages, the loss of a unique product, and existence of intangible

harms such as loss of goodwill or competitive market position." *Dominion Video Satellite, Inc. v.

Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004).  Because the Defendant controls

the information about the exact quantity of sales of counterfeited products, it is difficult to calculate

the exact number of sales Bountiful Baby has lost. *Sw. Stainless*, 582 F.3d at 1191 ("A district

court may find irreparable harm based upon evidence suggesting that it is impossible to precisely

calculate the amount of damage plaintiff will suffer." (citation omitted)).  In addition, it is

impossible to calculate the value of the loss of customers and goodwill. *See id.* at 1192 (affirming

a finding of irreparable harm "[b]ecause it is so difficult to prove the value of goodwill").

Moreover, when confronted with its infringement, the Defendant took steps (i.e., filing a false

Counter-Notification) to continue its infringement, thus raising a likelihood of continued infringement that monetary damages cannot remedy. Therefore, Bountiful Baby has established irreparable harm absent an injunction.

As to the third prong, there is no hardship to Defendants because a permanent injunction will merely prevent Defendants from engaging in further unlawful activity. *See Klein-Becker USA, LLC v. Tahini*, No. 2:07-cv-521, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) ("Producing and selling counterfeit goods is illegal. There can be no cognizable harm to the Defendants by the issuance of an order requiring them not to break the law."). Similarly, entering a permanent injunction will not disserve the public interest. To the contrary, it will protect copyrighted material and encourage compliance with the Copyright Act. *See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993) ("In copyright cases . . . this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections."), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

Accordingly, the court GRANTS a permanent injunction. The court shall enter an accompanying permanent injunction on the docket.

## F.     Attorneys' Fees

Bountiful Baby seeks to recover $7,070.00 in attorneys' fees and $491.98 in costs associated with the present litigation. In support of this request, Bountiful Baby's counsel submitted a declaration with a spreadsheet of fees and costs attached. The spreadsheet outlines the billing rates for individuals who worked on this case, as well as brief descriptions of the work performed.

The Copyright Act expressly permits the court to award the prevailing party its "full costs," including "reasonable attorney's fees." 17 U.S.C. § 505. "Under the Copyright Act, an award of fees is appropriate to promote the goal of deterrence where the evidence supports a finding of willfulness." *Tu v. TAD Sys. Tech. Inc.*, No. 08-cv-3822, 2009 WL 2905780, at *8 (E.D.N.Y. Sept. 10, 2009). As established above, the court finds that Defendants acted willfully in infringing Bountiful Baby's copyright. Accordingly, to further the goal of deterrence, the court holds that Bountiful Baby is entitled to $7,561.98 in reasonable attorneys' fees and costs.

## CONCLUSION AND ORDER

The Court orders as follows:

(1)    The court enters default judgment against defendant Defendant Nicky Lyn dba GlamingDecorEtc and awards damages in the amount of $450,000. The Court will enter a separate judgment on the docket.

(2)    The court grants Bountiful Baby's motion for a permanent injunction. The Court shall file the accompanying permanent injunction on the docket.

(3)    The court grants Bountiful Baby's motion for attorneys' fees and costs in the amount of $7,561.98.

DATED this ___20th___ day of December 2022.

BRUCE S. JENKINS
Senior United States District Judge